Submitted January 18; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed March 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AIDARUS ALI MOHAMED,
*Defendant-Appellant.*

Washington County Circuit Court
18CR35556; A173134

506 P3d 497

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeHoog, Judge pro tempore.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) (Count 1), and unlawful possession of a controlled substance (PCS) (Count 2), entered after a jury trial.[1] He raises two assignments of error. We reject his second assignment without discussion and write to address his first, in which he asserts that the trial court erred in denying his motion to suppress evidence obtained as a result of warrantless breath and urine tests that, in his view, violated his rights under Article I, section 9, of the Oregon Constitution. In particular, defendant contends that the state did not develop a record demonstrating that his consent to those tests was voluntary, and that the state failed to show that another exception to the warrant requirement applies, rendering those tests unconstitutional warrantless searches. The state concedes that it did not create a record sufficient to establish that defendant's consent to the breath and urine tests was voluntary, and also agrees that it did not rely on any other exception to the warrant requirement below. The state therefore concedes that the trial court erred in denying defendant's motion to suppress evidence of the breath and urine tests and other evidence derived from that evidence, and that we should reverse and remand the conviction for DUII. We agree that, under the circumstances presented here, the trial court erred in denying defendant's motion to suppress, accept the state's concession, and reverse and remand the DUII conviction.

The state argues, however, that we should affirm the PCS conviction, because evidence of that crime was discovered independently of the administration of the breath and urine tests, and defendant does not contend on appeal that his claims relating to the breath and urine tests would have any effect on the conviction for PCS. Upon review of the record, we agree with the state in that regard. Defendant's only challenge to the evidence on which the PCS conviction was based was raised in a separate motion to suppress, which the trial court denied, and defendant has not assigned error to the denial of that motion to suppress on appeal.

---

[1] Defendant was acquitted of one count of giving false information to a police officer (Count 3).

Defendant also has not provided any argument relating to the PCS conviction or otherwise demonstrated grounds for reversal. Accordingly, we affirm that conviction.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.